UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY C. ROBISON, | : | Case No. 2:24-cv-3217 |
| | : | |
| Plaintiff, | : | |
| | : | District Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| BEAU D. WENGER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a prisoner civil rights complaint in this Court. (*See* Doc. 1).[1] However, plaintiff has not paid the filing fee required to commence this action.

On June 26, 2024, the Court issued a Deficiency Order, directing plaintiff to either pay the required filing fee or file a completed motion for leave to proceed *in forma pauperis* within thirty days. (Doc. 6).[2] Plaintiff was advised that if he did not respond to the Court's Order his case would be dismissed for want of prosecution. (*Id*., at PageID 4).[3]

---

[1] The complaint was initially filed in the United States District Court for the District of Columbia, before being transferred to this Court on June 13, 2024. (*See* Doc. 5).

[2] Plaintiff's motion to proceed *in forma pauperis* was not made on the Court's official form and did not include a "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, completed and signed by the institutional cashier). Additionally, the account statement provided by Plaintiff was not certified, as required by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(a)(2).

[3] Upon filing the complaint, Plaintiff appears to have been located at the Franklin County Correctional Center. (See Doc. 1, at PageID 1). However, the Ohio Department of Rehabilitation and Correction webpage indicated that Plaintiff was located at the Lebanon Correctional Institution at the time the Court issued its Deficiency Order. Viewed at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A828139. The Clerk of Court updated the docket record in this case to reflect plaintiff's current location at the Lebanon Correctional Institution and mailed the Order there. Plaintiff has not responded to the Order or provided the Court with a new mailing address. *See* S.D. Ohio Guide for Pro Se Civ. Litigants

To date, more than thirty days after the June 26, 2024 Deficiency Order, plaintiff has failed to respond.

"District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's June 26, 2024 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED without prejudice** for want of prosecution. In light of this recommendation, it is further **RECOMMENDED** that plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the

---

14 (Feb. 13, 2017) (providing that failure to keep Court informed of changes to address may result in dismissal of case for lack of prosecution). *See also Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)) (providing that a litigant has an affirmative duty to keep the Court apprised of any changes to their address).

record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


<u>August 27, 2024       </u>                                        <u>*s/ Elizabeth A. Preston Deavers*            </u>
                                                                                  Elizabeth A. Preston Deavers
                                                                                  United States Magistrate Judge